The Honorable Lana Oleen State Senator, 22nd District State Capitol, Room 136-N Topeka, Kansas 66612
Dear Senator Oleen:
As chairperson for the senate committee on federal and state affairs, you request our opinion regarding the legality of gambling via telephone lines. Specifically you question whether gambling over the Internet at virtual casinos located outside Kansas would be legal if the computer from which the bet is made is located within this state.
K.S.A. 21-4303 defines gambling as:
"(a) Making a bet; or
 "(b) Entering or remaining in a gambling place with intent to make a bet, to participate in a lottery, or to play a gambling device.
"Gambling is a class B nonperson misdemeanor."
Commercial gambling is defined at K.S.A. 21-4304 as:
 "(a) Operating or receiving all or part of the earnings or a gambling place;
 "(b) Receiving, recording, or forwarding bets or offers to bet or, with intent to receive, record, or forward bets or offers to bet, possessing facilities to do so;
 "(c) For gain, becoming a custodian of anything of value bet or offered to be bet;
 "(d) Conducting a lottery, or with intent to conduct a lottery possessing facilities to do so; or
 "(e) Setting up for use or collecting the proceeds of any gambling device.
 "Commercial gambling is a severity level 8, nonperson felony." (Emphasis added.)
Installing communication facilities for gamblers is also a severity level 8, nonperson felony and permitting premises to be used for commercial gambling is a class B nonperson misdemeanor. K.S.A. 21-4308; 21-4305.
A bet is defined in K.S.A. 21-4302(a) as "a bargain in which the parties agree that, dependent upon chance, one stands to win or lose something of value specified in the agreement." The definition excludes certain conduct, such as lotteries conducted under the Kansas lottery act and wagering conducted in accordance with the Kansas parimutuel racing act. A lottery is defined as "an enterprise wherein for a consideration the participants are given an opportunity to win a prize, the award of which is determined by chance," but does not include a lottery operated by the state pursuant to the Kansas lottery act. K.S.A. 21-4302(b). SeeState ex rel. Stephan v. Finney, 254 Kan. 632 (1994). Finally, a gambling place is defined as:
 "[A]ny place, room, building, vehicle, tent or location which is used for any of the following: Making and settling bets; receiving, holding, recording or forwarding bets or offers to bet; conducting lotteries; or playing gambling devices. . . ." K.S.A. 21-4302(e).
Clearly, placing, receiving or forwarding a bet, or conducting a lottery, over the telephone or the Internet is illegal, with few exceptions, just as if the bet were exchanged or lottery conducted in person. There is no requirement that the participants be in each other's presence. However, it may appear more difficult to determine where the crime occurs if the commercial establishment is outside the state of Kansas and the bet is placed or the lottery entered from a computer terminal within the state.
K.S.A. 21-3104 establishes the criminal jurisdiction of this state as follows:
 "(1) A person is subject to prosecution and punishment under the law of this state if:
 "(a) He commits a crime wholly or partly within this state; or
 "(b) Being outside the state, he counsels, aids, abets, or conspires with another to commit a crime within this state; or
 "(c) Being outside the state, he commits an act which constitutes an attempt to commit a crime within this state."
 "(2) An offense is committed partly within this state if either an act which is a constituent and material element of the offense, or the proximate result of such act, occurs within the state. . . ." See State v. Grissom, 251 Kan. 851, 886, 887 (1992). See also
K.S.A. 22-2612.
In our opinion, if a bet is placed or a lottery entered into via a computer located in the state of Kansas, then the crime is committed partly within this state and participants in the crime may be prosecuted in this state.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm